UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                   Case No. 13-20066

JACK FUQUA,                                                      HON. AVERN COHN

    Defendant.
_____/

**ORDER REGARDING DEFENDANT'S
MOTION TO SUPPRESS (Doc. 34)**

**I.**

This is a criminal case. Defendant Jack Fuqua is charged in a four-count indictment as follows:

    Count One    Possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1);

    Count Two    Possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A);

    Count Three    Maintaining a drug premises in violation of 21 U.S.C. § 856(a)(1); and

    Count Four    Felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Now before the Court is Fuqua's motion to suppress evidence seized from his home on December 31, 2012 on the basis that the allegations in the warrant affidavit were insufficient to establish probable cause (Doc. 34). Fuqua asks for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) in an effort to establish that information contained in the warrant affidavit was knowingly false or made with reckless disregard for the truth. The government opposes the motion and argues that Fuqua is not entitled to a *Franks*

evidentiary hearing (Doc. 37). Prior to ruling on Fuqua's motion to suppress the Court will conduct an evidentiary hearing to inquire into the truthfulness of the affiant's statements in the warrant affidavit. The reasons follow.

## II.

### A.

A search warrant was issued and executed on Fuqua's home on December 21, 2012. Marijuana, heroin and firearms were found during the search. Fuqua now challenges the affidavit supporting the search warrant.

The affiant, Officer Lynn Moore of the Detroit Police Department's ("DPD") Narcotics Enforcement Section, attested to the following in the warrant affidavit:

- Moore has had training in narcotics identification, manufacturing, sales, trafficking and undercover techniques by the DPD, Department of Justice ("DOJ"), and the Drug Enforcement Administration ("DEA");

- Moore has experience with and is familiar with narcotics in its various forms, packaging and distribution tactics;

- On December 30, 2012, Moore spoke with an unregistered confidential informant ("CI") who advised Moore of suspected sales of heroin from Fuqua's residence by an individual named Jack;

- Moore researched the Narcotics Complaint database and found three citizen complaints referring to sale of illegal narcotics by a black male in his sixties. Two of the complaints stated that the subjects name is Jack;

- On December 30, 2012, Moore set up surveillance at Fuqua's residence. Moore observed five unknown individuals within a fifty minute period walk into Fuqua's residence. Each individual exited the residence in less than one minute. Upon the last individual leaving, Moore inquired if the residence was open for sales of heroin. The individual then stated, "Yah [sic] just go knock on the front door and ask for Jack, I just bought (3) packs of boy (referring to heroin)";

- Moore has conducted surveillance on numerous occasions and from Moore's independent observations, conversation with the unknown suspected buyer

    and information given by the unregistered CI, Moore believed based on her training and experience that the Fuqua residence was a narcotics trafficking enterprise;

♦    Moore has been in numerous narcotic raids in the City of Detroit. In those raids, it was common for firearms and/or weapons to be found as they are used to protect illegal narcotic activity.

**B.**

Fuqua challenges several aspects of Moore's affidavit. First, Fuqua says that paragraph three of the affidavit states that Moore spoke with an unregistered CI. However, Fuqua says that nothing supports the existence of the CI. Further, Fuqua says that the affidavit states that the CI "suspected" that sales were taking place and did not have any personal knowledge of heroin sales.

Second, Fuqua challenges paragraph four of the affidavit referencing the three citizen complaints that were contained in the police database. Fuqua says that the affidavit fails to support that the information contained in the police database was reliable and verified.

Finally, Fuqua makes several challenges to paragraph five of the affidavit to wit:

1.    Fuqua questions whether Moore talked to an unidentified individual when performing surveillance on his residence;

2.    Fuqua challenges Moore's surveillance of the residence because none of the individuals alleged to have visited the residence for a brief period were identified, questioned, or detained; and

3.    Fuqua challenges the surveillance because the government has not provided him with any notes, records, or documents regarding the surveillance.

In support of his request for a *Franks* hearing, Fuqua says he is in the process of obtaining affidavits to refute the statement in Moore's affidavit that five people came to

3

Fuqua's residence on December 30, 2012. In addition, Fuqua intends to obtain an affidavit challenging that an unknown individual told Moore that he had just purchased "three packs of boy" from Fuqua's residence on December 30.

### C.

As the Supreme Court stated in *Franks*, "[i]t is established law that a warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter." 438 U.S. at 165 (internal citations omitted). Once a warrant issues, there is "a presumption of validity with respect to the affidavit supporting the search warrant." *Id.* at 171. This presumption, however, is not absolute.

In certain circumstances, a defendant in a criminal proceeding is entitled to an evidentiary hearing to challenge the truthfulness of factual statements made in the affidavit supporting the warrant. *Id.* 164–65. The Supreme Court explained the high burden necessary to obtain an evidentiary hearing:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to

> support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

*Id.* at 171–72.

### D.

*Franks* makes clear that there is a high burden on a defendant to show that he is entitled to an evidentiary hearing to challenge a warrant affidavit. It is not clear that Fuqua has met this burden in this case. However, erring on the side of caution, the Court will allow Fuqua a hearing to attempt to prove that the allegations in Moore's affidavit are false or were made with reckless disregard for the truth before ruling on his motion to suppress. The Supreme Court in *Franks* clarified, however, that for a warrant to be supported by truthful facts establishing probable cause, it can be based on hearsay, information received from informants, and information within the affiant's own knowledge. 438 U.S. at 165. Thus, the burden is on Fuqua to introduce evidence to support his claims that the warrant affidavit was based on knowingly untruthful statements. The government is entitled to cross-examine Fuqua's witnesses and interview any witnesses who provide affidavits in support of Fuqua's allegations. Because Fuqua is challenging Moore's truthfulness in the affidavit, the government shall produce Moore at the hearing. The government is not required to produce any other witnesses.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 31, 2013

5

13-20066 United States of America v. Jack Fuqua

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 31, 2013, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160