UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

-vs-                                                               Case Nos. 13-20066, 13-20516

                                                                      HON. AVERN COHN

JACK FUQUA,

    Defendant/Petitioner.
_____/

**ORDER DENYING DEFENDANT/PETITIONER'S MOTION FOR RECONSIDERATION**
**(Docs. 37, 67)**

**I.**

    This is a criminal case which has closed. In 2014, defendant plead guilty in two related cases under two Rule 11 agreements. In case no. 13-20516, defendant plead guilty to one count of maintaining a drug premises, in violation of 18 U.S.C. § 856, and was sentenced to 75 months imprisonment. In case no. 13-20066, defendant plead to one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c), and was sentenced to 60 months imprisonment, to run consecutively. Defendant did not file an appeal in either case. Thereafter, defendant-petitioner filed a motion styled "Emergency Motion to Appoint Mitigation Specialist," requesting that the Court appoint a specialist to assist in addressing issues to correct defendant's sentence. The Court denied the motion. See Doc. 66 in case no. 13-20066 and Doc. 36 in case no. 13-20516.

    Before the Court is another motion by defendant-petitioner styled "Emergency Motion to Appoint a Mitigation Specialist as to the Appeal of Denial of Due Process,

bias, Prejudice, and of Material Errors and/or Fraud Against Jack Charles Fuca." The Court construes the motion as a motion for reconsideration of the denial of his prior similar motion.

## II.

A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. To obtain reconsideration, Petitioner must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. See E.D. Mich. LR 7.1 (h). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. Witzke v. Hiller, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Defendant-petitioner has not satisfied the standard for reconsideration. Rather, he simply repeats his request to have the Court appoint a "mitigation specialist" to investigation any improprieties in defendant's sentence. There is no merit to the request. The motion is DENIED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2016
Detroit, Michigan